John T. Morgan (USB #3839)
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
405 South Main Street, Suite 300
Ken Garff Building
Salt Lake City, Utah  84111
Telephone:     (801) 524-5734
Facsimile:     (801) 524-5628
Email: John.T.Morgan@usdoj.gov

Attorney for Charles F. McVay, United States Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| In re: <br><br> **GIOVANY VICENCIO,** <br><br> Debtor. | **Bankruptcy Case No. 10-32172 WTT** <br><br> (Chapter 7) |
| **UNITED STATES TRUSTEE,** <br><br> Plaintiff. <br><br> vs. <br><br> **GIOVANY VICENCIO,** <br><br> Defendant. | Judge William T. Thurman <br><br> **Adversary Proceeding No.** <br><br> (Filed Electronically) |

**COMPLAINT SEEKING DENIAL OF DISCHARGE
PURSUANT TO 11 U.S.C. §727(a)(4)**

The Plaintiff, United States Trustee ("United States Trustee"), for his complaint against the Debtor, Giovany Vicencio, seeking the denial of the Debtor's discharge pursuant to 11 U.S.C. §727(a)(4), or alternatively, to dismiss this case pursuant to 11 U.S.C. §707(b) (1)&(3), and Fed. R. Bankr.P. 4004, states and alleges as follows:

## JURISDICTION

1. The United States District Court for the District of Utah has jurisdiction of this case pursuant to 28 U.S.C. §1334 and 28 U.S.C. §§ 157(a) and (b)(2)(J) in that the action arises under Title 11 of the United States Code.

2. This matter arises in and relates to the chapter 7 bankruptcy case of Giovany Vicencio currently pending before this Court under 11 U.S.C. §727, 11 U.S.C. §707(b) and Fed.R.Bankr.P. 4004 and 7001.

3. The United States Bankruptcy Court for the District of Utah has jurisdiction to hear and decide this matter pursuant to the General Order of Reference (DUCivR 83-7.1) from the United States District Court for the District of Utah. The matter is a core proceeding pursuant to 28 U.S.C. §157(b).

## VENUE

4. Venue is proper in the Central Division for the District of Utah pursuant to 28 U.S.C. §1409(a) because this suit arises in and is related to the Bankruptcy Case of the Debtor pending in this district before this Court.

## PARTIES

5.  The Plaintiff is the United States Trustee for the Districts of Colorado, Utah, and Wyoming and files this matter pursuant to his statutory duties under 28 U.S.C. §586(a). He has standing to bring this complaint pursuant to 11 U.S.C. §§ 307 and 727(c)(1).

6.  Defendant, Giovany Vicencio, ("Debtor" or "Defendant") is an individual who resides in Utah County, State of Utah and is the Debtor in the referenced Bankruptcy Case.

## GENERAL FACTUAL ALLEGATIONS

7.  The Debtor comes before this Court pursuant to the filing of a voluntary petition under chapter 7 of the Bankruptcy Code on September 3, 2010, in the United States Bankruptcy Court for the District of Utah, Central Division, case number 10-32172 WTT (the "Case").

8.  Kenneth A. Rushton (the "Trustee") was appointed as the interim Chapter 7 trustee in the Case. No trustee was elected at the January 3, 2011 meeting of creditors held pursuant to 11 U.S.C. §341 (the "Creditor's Meeting"). Mr. Rushton thereby became the permanent trustee in the Case pursuant to 11 U.S.C. §702(d).

9.  The date for filing objections to discharge in this case was originally set as December 13, 2010. That date was extended by Court Order to March 4, 2011.

10. The Defendant caused to be filed with the United States Bankruptcy Court the required Petition and Statement of Social Security Number on September 3, 2010. Said documents were signed by the Defendant under penalty of perjury.

11. The social security number, XXX-XX-2537, indicated on the Debtor's Statement of Social Security Number and on the Petition is, in fact, not a Social Security Number assigned to the Debtor. The Debtor has never been issued and does not have a valid social security number.

12. At the Creditor's Meeting, the Trustee requested proof of identity and verification of the Debtor's social security number. The Debtor provided the Trustee with a driving privilege card issued by the State of Utah, a 2008 W-2 in the name of the Debtor, a payment advice for the Debtor dated November 19, 2010, and a Department of Treasury tax payer ID card.

13. The 2008 W-2 indicates the Debtor's social security number as XXX-XX-4859, the 2010 payment advice indicates the Debtor's social security number as XXX-XX-2537 and the Department of Treasury tax payer ID card indicates tax identification number XXX-XX-8312.

14. The Trustee provided the United States Trustee with a copy of the Debtor's 2008 W-2 and the November 19, 2010 payment advice.

15. Subsequent to the Creditor's Meeting, the United States Trustee's Office conducted an examination of the Debtor pursuant to Rule 2004 ("2004 Examination"). At the 2004 Examination, the Debtor provided the United States

Trustee with a copy of his Utah Identification Card, his Department of Treasury tax payer ID card, a 2009 W-2 for the Debtor evidencing social security number XXX-XX-2537, and a loan and security agreement between the Debtor and Nebo Credit Union for the financing of a 2006 Ford Fusion.

16. The Debtor testified at the 2004 Examination that he does not have a valid social security number. He further testified that the social security numbers listed on his 2008 W-2, 2009 W-2 and November 19, 2010 payment advice were social security numbers he either purchased from an individual in downtown Salt Lake City, UT, or "made up".

17. The Debtor testified at the 2004 Examination that he understood he was required to list his tax identification number and all of the numbers he had used as social security numbers on the petition. He could not explain why he failed to list all three numbers in this case. He further testified that his answers to the questions about his social security numbers on the petition and on the Statement of Social Security Number were false, and that he knew they were false when he signed the documents and filed them with the Court.

18. The Debtor has used the two invalid social security numbers over a period of years to establish credit and incur debt. The Debtor testified that he knew the social security numbers he used were not issued to him, were not his numbers, and that his use of the numbers was wrongful.

19. The Debtor further testified at the 2004 Examination that he used his tax identification number to establish the account and obtain credit with Nebo Credit Union.

20. The United States Trustee contacted the attorney for Nebo Credit Union and was informed that the Debtor used a social security number ending in 4859 to establish the account and obtain credit with Nebo Credit Union.

**FIRST CAUSE OF ACTION**
**FALSE OATHS ON PETITION, STATEMENT OF SOCIAL**
**SECURITY NUMBER AND AT RULE 2004 EXAMINATION**

21. Paragraphs 1 through 20 are incorporated herein by this reference.

22. The Debtor failed to list all social security numbers and/or tax identification numbers used by the Debtor on the "Statement of Social Security Number" or on the Petition filed herein. The Debtor failed to list the social security number, which he used to incur virtually all of the debts listed in this case. By failing to disclose the existence and use of both the false social security numbers and the tax identification number to all creditors and the Trustee, the Debtor knowingly and fraudulently made a false oath or account which is material in this bankruptcy case.

23. The Debtor's oath at the 2004 Examination concerning his tax identification number being used to establish the account and obtain credit with Nebo Credit Union was false.

24. The Debtor should be denied a discharge of his debts pursuant to 11 U.S.C. §727(a)(4)(A) because he knowingly and fraudulently made a false oaths or accounts in connection with this Case.

### SECOND CAUSE OF ACTION
### DISMISSAL FOR ABUSE UNDER THE TOTALITY OF
### THE CIRCUMSTANCES 11 U.S.C. §§ 707(b)(1) & (b)(3)

25. Paragraphs 1 through 24 are incorporated herein by this reference.

26. This Court, on its own motion, or on motion of the United States Trustee, may dismiss a case filed by an individual debtor under chapter 7 whose debts are primarily consumer debts if it finds that the granting of relief would be an abuse of the provisions of Chapter 7 under the totality of the circumstances.

27. Debtor is an individual debtor.

28. Debtor's debts are primarily "consumer debts" as defined in 11 U.S.C §108(8) and the case law cited thereunder and under 11 U.S.C. §707(b).

29. Upon information and belief, all or substantially all of the Debtor's debts were incurred, directly or indirectly, through the Debtor's use of false social security numbers.

30. Upon information and belief, the credit for such debts would not have been granted except for the Debtor's proffer of the false social security number(s) in connection with the incurring of such credit.

31. Because the Debtor has used false social security numbers, parties in interest including the Trustee, creditors and the United States Trustee have no practical

ability to ascertain the Debtor's true credit history, financial condition or business transactions.

32. To allow the Debtor to be granted the relief offered under Chapter 7 under such circumstances would be to allow an abuse of the provisions of the Bankruptcy Code.

33. The Plaintiff reserves the right to amend and/or present other evidence factually supporting the claims asserted herein.

34. If the Debtor's discharge is not denied, the Case should be dismissed pursuant to 11 U.S.C. §§ 707(b)(1) & (b)(3).

WHEREFORE, Plaintiff requests relief against the Defendant as follows:

1. Pursuant to the first cause of action, an order denying the Defendant a discharge under 11 U.S.C. §727(a)(4) the Bankruptcy Code.

2. Pursuant to the second cause of action, an order dismissing this case as an abuse of the provisions of the Bankruptcy Code.

3. Such other and further relief, as may be shown to be just and equitable.

DATED this 4th day of March 2011.

Respectfully submitted,

/s/
John T. Morgan
Attorney for the United States Trustee
Charles F. McVay